**David V. LEIGHTON, et al.**

v.

**TENNESSEE VALLEY AUTHORITY.**

**Civ. No. 3–81–4.**

United States District Court,
E. D. Tennessee, N. D.

May 18, 1981.

Berkeley Bell, Jr., Greeneville, Tenn., John K. Harber, Elizabeth Ann Rowland, Knoxville, Tenn., for plaintiffs.

Herbert S. Sanger, Jr., Gen Counsel, James E. Fox, Assoc. Gen. Counsel, Robert C. Glinski, Brent R. Marquand, Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is another in a series of cases arising out of a labor dispute at defendant's Phipps Bend Nuclear Plant in Surgoinsville, Ten-

**24**

nessee, during the week of July 28, 1980.[1] This Court has previously announced its intention to remand the case for a name-clearing hearing consistent with the guidelines announced in the memorandum filed on November 26, 1980 in *Doran v. TVA*. The only question remaining before the Court is whether to remand the case to the Joint Committee pursuant to Supplementary Schedule H–XXIII of the General Agreement between the Tennessee Valley Authority and the Tennessee Valley Trades and Labor Council (hereinafter "General Agreement"), or to order application of the normal grievance procedure set out in Supplementary Schedule H–IX of the General Agreement.

The record shows that these plaintiffs were among some 800 workers who failed to report to work at Phipps Bend during the week of July 28, 1980. The TVA officials characterized the action as a "work stoppage" in violation of Article II of the General Agreement and referred the matter to the Joint Committee provided for in Supplementary Schedule H–XXIII. Plaintiffs argue, on the other hand, that what occurred was not a "work stoppage" in the organized sense, but rather was a group of unapproved absences in violation of Job Rule No. 4, TVA Division of Construction Job Rules. Accordingly, they say plaintiffs' terminations should be reviewed under the normal grievance procedure.

The management of TVA initially characterized the failure of some 800 workers to report to work as a "work stoppage" in violation of Article II of the General Agreement and invoked the provisions of Supplementary Schedule H–XXIII. The jurisdiction of this Court extends only to a review of whether the TVA management acted arbitrarily or without authority under the General Agreement. *Baskin v. TVA*, 382 F.Supp. 641 (M.D.Tenn.1974), *aff'd* 519 F.2d 1402 (6th Cir. 1975). We have been cited to no provision in the General Agreement, nor have we found any, which deprives TVA management of the authority initially to

characterize mass failure to report to work as a work stoppage. Further, we cannot say from the record before the Court that the characterization was arbitrary or totally without foundation. We have already held in *Doran v. TVA, supra*, that the plaintiffs' procedural rights will be protected if, on remand, they are confronted with evidence of their alleged participation in the violence which occurred at the work site and given an opportunity to rebut it. We have no reason to believe that the Joint Committee will not comply with that procedure. The plaintiffs are entitled to no more.

Accordingly, it is ORDERED that the matter be, and the same hereby is, referred to the Joint Committee provided for in Supplementary Schedule H–XXIII for a name-clearing hearing consistent with the ruling of this Court in *Doran v. TVA, supra*. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.

---

1. *Doran v. TVA*, Civ. No. 3–80–442; *Arnold v. TVA*, Civ. No. 3–80–469; *Stark v. TVA*, Civ. No. 2–80–167; *Abel v. TVA*, Civ. No. 2–80–168; *Euverard v. TVA*, Civ. No. 2–80–200.